UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                  DECISION AND ORDER

                                                  11-CR-6019L

            v.

JAMAR MITCHELL,

                  Defendant.
_____

     This Court referred all pretrial matters and motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Jamar Mitchell ("Mitchell"), is charged in an indictment with two others with a narcotics conspiracy and related charges.

     Defendant filed motions, including a motion to suppress statements made by Mitchell at the time of his arrest, as well as a motion to sever his case from the co-defendants. Magistrate Judge Feldman conducted a suppression hearing on February 1, 2012, the transcript of which has been prepared for this Court.

     Upon the completion of matters, Magistrate Judge Feldman issued a Report and Recommendation (Dkt. #82) recommending that this Court deny the motion to suppress statements and deny the motion for severance. Defendant duly filed objections to both aspects of the Magistrate Judge's Report and Recommendation.

     I have reviewed the Magistrate Judge's Report and Recommendation, defendant's objections and the transcript of the suppression hearing, and I find no basis to alter, modify or reject the Report and Recommendation of the Magistrate Judge.

Two witnesses testified for the Government at the suppression hearing, Sergeant Edward McDonald from the Rochester Police Department, and Officer David Simpson also from the Rochester Police Department. The officers acknowledged that Mitchell was under arrest and that they had not yet read him his so-called *Miranda* rights when statements were made by Mitchell. I agree with the Magistrate Judge that although Jamar Mitchell was in custody, he was not subject to interrogation or its functional equivalent on the day of his arrest, January 26, 2011.

The officers testified that as they discussed matters with a woman who was in the apartment being searched, defendant spontaneously stated that the drugs and the weapon that had been found were the defendant's and did not belong to the woman. Both officers testified that their comments were not directed to the defendant. They were engaged in conversations with the female occupant of the apartment.

I find, as did the Magistrate Judge, that the statements of Mitchell were truly spontaneous and not the product of any interrogation. The officers' comments to the female occupant of the apartment could not be viewed as the functional equivalent of interrogation of Mitchell. The officers had no reason to expect that Mitchell would make spontaneous statements attempting to exculpate the woman under all the circumstances. I see no reason to reject the officers' testimony. There was no testimony offered at the suppression hearing to rebut or contradict the officers' version of events. Defendant's spontaneous statements are proper evidence and need not be suppressed.

Concerning severance, I agree with the Magistrate Judge that Mitchell is properly joined with his co-defendants, and there is no reason to sever this defendant from the others at this time. Generally, joint trials are preferred when there are common charges, as is the case here, and simply because the evidence against one defendant might be allegedly stronger than against others, is no reason for severance. A defendant has a substantial burden of demonstrating an entitlement to a separate trial from his co-defendants. I believe Magistrate Judge Feldman carefully analyzed the issue and the controlling legal authority, and I agree with his analysis and conclusion that no severance is warranted.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #82). The motion of Jamar Mitchell to suppress oral statements made on January 26, 2011 are denied. Defendant Jamar Mitchell's motion for a severance of his trial from his co-defendants is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 20, 2012.