UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                            <u>DECISION AND ORDER</u>

                                                             11-CR-6019L

                          v.

JOSEPH MITCHELL,

                          Defendant.
_____

       This Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Joseph Mitchell ("Mitchell"), filed several motions, including a motion to suppress evidence obtained from him in connection with a motor vehicle stop on March 9, 2008, as well as a motion to suppress evidence obtained pursuant to search warrants of two residences in Rochester, New York and also a motor vehicle, which were executed on January 26, 2011. Finally, Mitchell moved to suppress certain statements made by him during and after his arrest on January 26, 2011.

       Magistrate Judge Feldman held a suppression hearing on the motions and received legal memoranda from both the Government and defendant subsequent to the hearing.

       On November 7, 2012, Magistrate Judge Feldman issued a thorough Report and Recommendation (Dkt. #89). The Magistrate Judge carefully set out the facts and the law on the several motions presented to him and concluded that all the motions to suppress should be denied, except that defendant's motion to suppress physical evidence, a large sum of cash seized from his pockets when ordered to empty his pockets by an officer with the Missouri State Highway Patrol on March 9, 2008. As to that search, Magistrate Judge Feldman determined that such an order and

search was not reasonable under the Fourth Amendment and that suppression was therefore warranted. Magistrate Judge Feldman set forth, at some length, his analysis of the law concerning such seizures and "pat-downs," especially in the context of automobile stops.

The parties were notified of the Report and Recommendation filing and the need to file objections within fourteen days of its issuance. Neither party has filed any objections to the Magistrate Judge's Report and Recommendation. Defense counsel advised the Court by letter dated December 17, 2012 (Dkt. #90) that it did not intend to file objections. The time for the Government to file objections has long since lapsed.

Based on the above, I accept and adopt Magistrate Judge Feldman's Report and Recommendation. I see no reason to modify, alter or reverse that Recommendation.

Therefore, I adopt Magistrate Judge Feldman's recommendation that the motion to suppress physical evidence be denied in part and granted in part and that the motion to suppress statements be denied.

CONCLUSION

I accept and adopt Magistrate Judge Feldman's Report and Recommendation (Dkt. #89). Defendant's motion (Dkt. #57) to suppress statements is in all respects denied. The motions to suppress physical evidence seized pursuant to the execution of search warrants is in all respects denied. The motion to suppress physical evidence seized during a stop and search of a 2000 Dodge Van on March 9, 2008 by Missouri State Highway Patrol Officer is granted and items seized from defendant when ordered to "empty his pockets" are suppressed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 9, 2013.